Bergan, J.
(dissenting). In the sustained matrimonial recriminations between these parties, characterized by maneuvering for position of advantage, it is impossible for anyone standing outside the marriage itself to assess with confidence the blame for its failure. The decision by the Appellate Division, which, in effect, left the parties where they are — married for the time being — and fixed the responsibility of the husband for the support of the wife, is a practical and just resolution of the controversy.
The contrary result in this court is reached by accepting as established by the husband an abandonment, one of the “wrongs ” which still remains in the statute as a ground for divorce (Domestic Relations Law, § 170, subd. [2]) and finding in favor of the husband and against the wife. On this basis the husband is given a divorce for the wife’s “ wrong ”. The result brings a financial advantage to the husband — he no longer need support the wife. It brings him also a personal victory in the bickering matrimonial controversy which he ought not have.
The result is reached by taking a trivial incident in a narration of mutual accusations and indignities running 500 pages in the record and attributing to it undue weight and significance— the changing of a lock on a door by the wife after a servant had lost the key for a home in Long Island at a time when the husband was away.
Reading the careful and accurate account of this marital controversy in the majority opinion leads one almost inescapably to regard as trivial the lost key incident in the total marital environment.
*121 Yet this is the event which is to be accepted as the basis for a finding of abandonment — that in changing the lock the wife “ acted in conscious disregard of whether the husband would have access ’ This was a minuscule part of the marital controversy in which, as the majority opinion notes, the parties were in one sense “ doomed either to break up the marriage or destroy one another
There seems no acceptable reason for this court to reject the finding in the Appellate Division that the wife’s relation of the incident is the true one but — even if the husband’s version is accepted — this casual and peripheral event ought not be dignified to become the kind of “wrong” that would entitle a man to divorce his wife. The whole record of the marriage suggests the husband should not be given such a signal advantage over the wife; but they should be left where the Appellate Division left them — married and work out their future on an equal footing.
Judges Burke, Scileppi and Gibson concur with Judge Breitel; Judge Bergan dissents and votes to affirm in a separate opinion in which Chief Judge Fuld and Judge Jasen concur.
Judgment modified, without costs, in accordance with the opinion herein and, as so modified, affirmed.